[No. 11842.   In Bank. — January 24, 1887.]

IN THE MATTER OF THE APPLICATION FOR THE DISBARMENT OF W. W. KNOTT.

ATTORNEY AT LAW — PROCEEDING FOR DISBARMENT — DISMISSAL.— A proceeding for the disbarment of an attorney and counselor at law cannot be dismissed upon the motion of the accuser.

ID.— FAULT ATTRIBUTABLE TO YOUTH, INEXPERIENCE, AND IGNORANCE. — In a proceeding for the disbarment of an attorney, *held*, that the conduct of the respondent complained of should be attributed to his youth, inexperience, and ignorance, and that the proceeding should be dismissed.

APPLICATION for the disbarment of an attorney and counselor at law. The facts are stated in the opinion of the court.

*Page & Eells,* for Complainant.

*Roger Johnson,* for Respondent.

The COURT.— This is a proceeding to disbar the respondent for making what is claimed to have been a false affidavit in a proceeding to obtain a patent at Washington.

Apparently the affidavit was one which the respondent may have believed to have been literally and technically true, but which was morally false, and was, in effect, an imposition upon the secretary, with whom it was filed.

We have before had occasion to condemn the practice which is too common, of making affidavits to what the affiant may claim to be the legal effect of facts not stated. They are often simply impositions upon the court. In this case the respondent was at the time young and inexperienced, and relied upon the assurance of an older and more experienced lawyer, that he could properly make the affidavit.

It was not really an act as an attorney in our jurisdiction, and could probably only be considered as affecting the moral character of the respondent. The accuser desires to have the proceeding dismissed, saying that he made the accusation under the influence of anger. We do not recognize the right of an accuser to have such a proceeding dismissed; but having examined the evidence, we are inclined, in view of all the circumstances, to attribute the fault, though a grave one, to youth, inexperience, and ignorance.

The proceeding is therefore dismissed.